# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-80159-BLOOM/Reinhart

JAMES H. MURRAY,

      Plaintiff,

v.

US BANK, N.A. AS TRUSTEE FOR J.P.
MORGAN MORTGAGE TRUST 2007-S3,
AND SELECT PORTFOLIO SERVICING,
INC.,

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon the Defendants' Verified Motion to

Dismiss the Complaint, ECF No. [14], filed on March 12, 2018 by US Bank, N.A. as Trustee for

J.P. Morgan Mortgage Trust 2007-S3 ("US Bank") and Select Portfolio Servicing, Inc. ("SPS"

together, "Defendants"). ECF No. [14] ("Motion"). The Court has carefully reviewed the

Motion, all opposing and supporting materials, the record in this case and the applicable law, and

is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

### a. The 2012 Foreclosure Action and Subsequent Appeals

This case challenges a final foreclosure judgment entered against Plaintiff James Murray

("Murray" or "Plaintiff") on November 15, 2012 in the Circuit Court of the Fifteenth Judicial

---

[1] The Court accepts the well-pleaded factual allegations found in the complaint, ECF No. [1–2]
("Complaint") as true. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The
Court further takes judicial notice of public court filings in related state and federal court actions. *SFM
Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F. 3d 1334, 1337 (11th Cir. 2010); *see also Halmos v.
Bomardier Aerospace Corp.*, 404 Fed. App'x 376, 377 (11th Cir. 2010).

Circuit in and for Palm Beach County, Case No. 50-2012-CA-021712, *see* ECF Nos. [13-1 at 2; [13-2] at 3]. On April 9, 2014, Senior Circuit Court Judge Roger B. Colton entered the final foreclosure judgment, finding that Defendant US Bank was due $786,000.000 as unpaid principal of the mortgage and note, $254,511.84 in interest, $3,193.20 in late charges, and $2,050.00 in attorneys' fees. ECF No. [13-5] at 2. Plaintiff appealed and the final judgment of foreclosure was affirmed by the Fourth District Court of Appeal in a *per curiam* order on May 28, 2015. ECF No. [13-6]. Plaintiff subsequently moved to vacate the final judgment in the state court action. That motion was denied and Plaintiff again appealed. The Fourth District Court of Appeal affirmed the denial of the motion to vacate in a *per curiam* order on June 23, 2016. ECF No. [13].

### b. The 2017 Action

On January 5, 2017, Plaintiff filed a complaint in Florida state court against JP Morgan Chase Bank, N.A. ("JPM") and US Bank, which was removed to federal court on February 21, 2017. *See* ECF No. [13-9] at 1; *see also* Case No. 9:17–cv–80214–WPD ("2017 Action"), ECF Nos. [1–2], [30] at 1. In the 2017 Action, Plaintiff alleged that JPM and U.S. Bank wrongfully foreclosed his property because JPM and US Bank did not have legitimate property interest in the mortgage. Case No. 9:17–cv–80214–WPD, ECF Nos. [1–2] at 10. Specifically, Plaintiff alleged under a single count for violation of Fla. Stat. § 817.535 (2018) that his mortgage was dated prior to the warranty deed, thus invalidating the mortgage, any subsequent assignments, and, ultimately, the foreclosure. Case No. 9:17–cv–80214–WPD, ECF No. [1–2].

On March 7, 2017, JPM and US Bank moved to dismiss the 2017 Action, based on, *inter alia*, the *Rooker-Feldman* doctrine which precludes federal courts from hearing cases by non-prevailing parties based on injuries allegedly caused by the state court judgment. Case No. 9:17–

cv–80214–WPD, ECF No. [15] at 4.  On May 15, 2017, District Court Judge William P. Dimitrouleas dismissed the 2017 Action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.  Case No. 9:17–cv–80214–WPD, ECF No. [30] at 2–4.  In the order, Judge Dimitrouleas reasoned that the Court lacked jurisdiction because Plaintiff had an opportunity to raise his claims in the previous state foreclosure action, but failed to do so. Case No. 9:17–cv–80214–WPD, ECF No. [30] at 2–4.

### c.  The 2018 Action

Eight months later, Plaintiff filed the instant Complaint, ECF No. [1–2], on January 15, 2018, in the Eighteenth Judicial Circuit in and for Palm Beach County, Florida ("2018 Action) against US Bank and a new defendant, Select Portfolio Servicing, Inc. ("SPS").  SPS took over JPM's role as the servicer as of August 1, 2013.[2]  *Id.* ¶ 10; *see also* ECF No. [1-2] at 26. Although JPM was a defendant in the 2017 Action, the 2018 Action does not name JPM and asserts no claims against it.  *See* ECF No. [1-2] at 27–28.

Like the 2017 Action, the 2018 Action challenges the foreclosure of Plaintiff's property. However, Plaintiff now introduces new legal and factual theories to challenge the foreclosure.  In the 2018 Action, Plaintiff makes two sets of factual allegations, first regarding US Bank's and SPS's attempt to collect on the debt and second regarding US Bank's conduct during the later foreclosure litigation.  Count I of the Complaint alleges the US Bank and SPS violated the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f, 1692j (2012), when they failed to "exercise diligence" in contacting Plaintiff regarding the debt.  ECF No. [1–2] ¶¶ 6–12. Plaintiff further alleges that US Bank and SPS improperly attempted to collect on the debt by using an unoriginal document.  ECF No. [1–2] ¶ 12.  In Count II, styled as "Wrongful

---

[2] Plaintiff attached to the Complaint a letter dated July 25, 2013 which notified Plaintiff that the mortgage was transferred from JPM to SPS, that SPS was the new servicer, and all future mortgage payments must be remitted to SPS as of August 1, 2013.  *See* ECF No. [1-2] at 27.

Foreclosure/Fraud," Plaintiff alleges that US Bank defrauded the state court in order to secure the foreclosure. ECF No. [1–2] ¶¶ 16–20. Specifically, Plaintiff alleges that US Bank defrauded both Plaintiff and the state court when it presented a "computer generated" copy of the note, which U.S. Bank stated was an original. Plaintiff supports this allegation with the forensic examination report of Gary Michaels, FDE, DABFE, dated May 26, 2017—eleven days after the 2017 Action was dismissed. ECF No. [1–2] ¶ 18, *see also* ECF No. [1-] at 30. Based on these claims, Plaintiff seeks statutory damages, compensation for the costs of bringing this lawsuit, and attorneys' fees.[3] ECF No. [1–2] ¶¶ 13–15.

### d. The Motion to Dismiss

Defendants filed a Notice of Removal, ECF No. [1], on February 13, 2018 and filed a Motion to Dismiss, ECF No. [14] ("Motion to Dismiss"), on March 12, 2018. Defendants moved to dismiss with prejudice on the grounds that 1) "Plaintiff's claims are barred by the Full Faith and Credit Act…and the *Rooker-Feldman* Doctrine;" 2) "Plaintiff's claims are barred by . . . *res judicata* and/or claim preclusion;" 3) "Plaintiff's claims are barred by collateral estoppel and/or issue preclusion;" 4) Plaintiff's claims are "barred by the compulsory counterclaim doctrine" as they were "compulsory counterclaims to the foreclosure action;" and 5) "Plaintiff fails to state a claim for which relief can be granted." ECF No. [14] at 3. Plaintiff filed an opposition to the Motion to Dismiss, ECF No. [24], on May 25, 2018.

### II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

---

[3] The Court notes that while Plaintiff seeks attorneys' fees, he is proceeding *pro se*.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (Internal quotation marks omitted). In the Rule 12(b)(6) context, a plaintiff's pleadings should be read as a whole. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1383 (11th Cir. 2010) (interpreting specific language in complaint within the context of the entire complaint); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (stating that, in a Rule 12(b)(6) context, "[w]e read the complaint as a whole"). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Iqbal*, 556 U.S. at 679; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").

In addition, *pro se* pleadings, as before the Court here, are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2004); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A pro se complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

Through this lens, the Court addresses the instant Motion.

## III. ANALYSIS

Defendants move to dismiss the Complaint on the grounds of, *inter alia*, *res judicata* and collateral estoppel. To determine whether a claim is precluded by *res judicata*, "a court must determine whether the issue in the present action is identical to the one decided in the prior proceeding, whether the prior litigation reached a final judgment on the merits, and whether the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication." *Concordia v. Bendekovic*, 693 F.2d 1073, 1076 (11th Cir. 1982). Collateral estoppel, or issue preclusion, on the other hand "bars re-litigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *In Re St. Laurent*, 991 F. 2d 673, 675 (11th Cir. 1993) (citing *Allen v. McCurry*, 449 U.S. 90, 95 (1980)).

The Eleventh Circuit has also recognized a related prohibition against "claim-splitting." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) ("Claim-splitting has been

analyzed as an aspect of res judicata or claim preclusion"). This doctrine precludes a plaintiff from "fil[ing] duplicative complaints in order to expand their legal rights" and "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.' " *Id.* (quoting *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)). Accordingly, the rule requires that "a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Id.* (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

While claim-splitting, *res judicata*, and collateral estoppel all "promote judicial economy and shield parties from vexatious and duplicative litigation, 'claim splitting is more concerned with the district court's comprehensive management of its docket, whereas *res judicata* focuses on protecting the finality of judgments." *Id.* Accordingly, the test for claim-splitting need not inquire whether there was a final judgment in the first suit. *Id.* (quoting *Katz*, 655 F.3d at 1218). Rather, the Court examines "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions.'' *Id.* at 841–42 (quoting *Khan*, 2011 WL 3269440, at *6); *see also Greene*, 727 F. Supp. 2d at 1367. Cases arise from the same transaction or series of transactions if the claims arise from the "same nucleus of operative facts." *Vanover*, 857 F.3d at 842 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004)).

The claims in the 2018 Action are impermissibly split from the 2017 Action. As to the first factor, Mr. Murray is the plaintiff in both the 2017 Action and the 2018 Action. Likewise, US Bank is a defendant in both the 2017 Action and the 2018 Action. SPS, the privity of the original servicer JPM, is a defendant in the 2018 Action and JPM was a defendant in the 2017

Action.  Accordingly, this case involves the same parties and their privies and the first factor is met.

Regarding the second factor, the issues in the Complaint arise from the same nucleus of operative facts.  In both actions, Plaintiff challenges the final judgment of foreclosure based on various factual and legal theories related to Defendants' conduct collecting on the debt and litigating the foreclosure action.  *Cf.* ECF No. [1-2] *with Murray v. JP Morgan Chase Bank, N.A.*, No. 17–cv–80214–WPD (S.D. Fla. May 15, 2017).  In the 2017 Action Plaintiff challenges the final foreclosure judgment based on improper assignment of the mortgage under Fla. Stat. § 817.535.  Here, Plaintiff again challenges the final foreclosure judgment, basing his claims for violation of the FDCPA and "Wrongful Foreclosure/Fraud" on allegations that Defendants represented that a non-original document was, in fact, an original and failed to conduct proper due diligence.  The factual and legal theories presented in the 2018 Action relate to the same foreclosure and were available to Plaintiff, albeit not pursued, at the time of filing his 2017 Action.  Plaintiff thus has engaged in exactly the conduct the Eleventh Circuit has expressly prohibited: he "present[ed] only a portion of the grounds upon which relief is sought, and le[ft] the rest to be presented in a second suit, if the first fails."  *Vanover*, 857 F.3d at 841 (11th Cir. 2017).  Accordingly, the Complaint must be dismissed.

##   IV.   LEAVE TO AMEND

Plaintiff, in the alternative, seeks leave to amend his Complaint.  ECF No. [24].  Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).   "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Lee v. Alachua Cnty., FL*, 461 Fed. App'x

859, 860 (11th Cir. 2012) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). However, "[w]hile a *pro se* litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile." *Lee*, 461 Fed. App'x at 860. Here, Plaintiff has impermissibly split his claims between multiple suits. Amendment would not cure the defect of impermissible claim-splitting, and thus would be futile. Accordingly, leave to amend must be denied.

## V.    DISMISSAL WITH PREJUDICE

Defendants request that the Court dismiss this case with prejudice. ECF No. [14]. Plaintiff litigated his foreclosure action in state court and did not prevail. In the intervening years, Plaintiff has appealed the foreclosure, moved to vacate, appealed the denial of the motion to vacate, and filed two additional state court actions challenging the foreclosure which were ultimately removed to federal court. Plaintiff's conduct—ostensibly an attempt to delay foreclosure—is not only improper but wastes scarce judicial resources. Accordingly, dismissal with prejudice is appropriate. *Vanover*, 857 F.3d at 837, 843 (affirming District Court's motion to dismiss with prejudice for improper claim-splitting); *Greene*, 727 F. Supp. at 1369 (dismissing complaint with prejudice for improper claim-splitting).

## VI.    CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant's Motion, **ECF No. [14]**, is **GRANTED**.

2.    Plaintiff's Complaint, **ECF No. [1–2]**, is **DISMISSED WITH PREJUDICE**.

3.    Plaintiff's request for leave to amend is **DENIED**.

4.    The Clerk of Court shall **CLOSE** this case.

5.      To the extent not otherwise disposed of, any scheduled hearings are

**CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are

**TERMINATED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of July, 2018.


_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record